Thomas A. Matthews
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, Alaska  99501
Phone: (907)276-1516
Fax:   (907)276-8955
tom.matthews@matthewszahare.com

Counsel for Defendant LaBrisa, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID STURDEVANT, ) )    Plaintiff, ) ) vs. ) ) LaBRISA, INC., ) )    Defendant. ) _____) | Case No. 3:06-CV-00025 (TMB) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT LABRISA, INC.**

Defendant LaBrisa, Inc. ("LaBrisa") answers Plaintiff's Complaint as follows based upon information and belief and submits the following affirmative defenses.

**ANSWER TO COMPLAINT**

1. Answering paragraph 1, LaBrisa makes no responsive pleading, nor is one required, to Plaintiff's jurisdictional allegations.

2. Answering paragraph 2, LaBrisa is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

3.   Answering paragraph 3, LaBrisa admits the allegations contained therein.

4.   Answering paragraph 4, LaBrisa admits that Max Hulse is, and was at all material times, the president of LaBrisa and that Dick Sturdevant is the Plaintiff's brother. LaBrisa denies each and every additional allegation contained in paragraph 4.

5.   Answering paragraph 5, LaBrisa admits the allegations contained therein.

6.   Answering paragraph 6, LaBrisa admits the allegations contained therein.

7.   Answering paragraph 7, LaBrisa admits the allegations contained therein.

8.   Answering paragraph 8, LaBrisa denies each and every allegation contained therein.

9.   Answering paragraph 9, LaBrisa admits that the master and crew of the F/V WAYWARD WIND were employed by LaBrisa and that LaBrisa is the owner of the F/V WAYWARD WIND. LaBrisa makes no responsive pleading, nor is one required, to Plaintiff's legal allegation concerning the doctrine of <u>respondeat superior</u>.

10.   Answering paragraph 10, LaBrisa is without information or knowledge sufficient to form a belief as to the truth or falsity of the following allegations: (a) that the Plaintiff "stepped on a small piece of scrap metal laying on the floor of the passageway leading from his bunk in the fore castle;" (b) that the Plaintiff "did not

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer                                                                                       Page  2 of 9

see the scrap metal;" (c) that the "full force of his body weight drove the piece of metal into his left foot;" and (d) that the Plaintiff removed the piece of metal from his foot and went to work.  LaBrisa denies the allegation that the Plaintiff did not see the scrap metal due to poor lighting conditions.

    11.    Answering paragraph 11, LaBrisa denies the allegation that Plaintiff did not seek medical attention "because he had been told without qualification that taking the vessel into port or calling in a medical evacuation flight were not options available to him."  LaBrisa is without information or knowledge sufficient to form a belief as to the truth or falsity of the additional allegations contained in paragraph 11.

    12.    Answering paragraph 12, LaBrisa admits that the Plaintiff was experiencing pain, running a temperature, and was unable to work.  LaBrisa is without information or knowledge sufficient to form a belief as to whether the Plaintiff was "experiencing tremendous pain," vomiting, or trying to work.  LaBrisa is without information or knowledge sufficient to form a belief as to whether it was "obvious that an infection had set in; discoloration from the infection was visible and had moved from his left foot up to Plaintiff's left knee."  LaBrisa admits that the Master of the WAYWARD WIND called Max Hulse but denies that it was "for direction" and denies that Max Hulse "declared a medical emergency and instructed the master to contact the United States Coast Guard."  LaBrisa admits that the U.S. Coast Guard dispatched a medivac helicopter, which transported the Plaintiff to the hospital in

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer    Page 3 of 9

Cordova for emergency medical treatment. LaBrisa denies the remaining allegations of paragraph 12.

    13. Answering paragraph 13, LaBrisa admits that the Plaintiff was hospitalized at Cordova for several days for treatment of an infection to his foot. LaBrisa is without information or knowledge sufficient to form a belief as to whether he was hospitalized for five days and whether the treatment he received was for "a diabetic ulcer in his left foot." LaBrisa is without information or knowledge sufficient to form a belief as to whether the Plaintiff was "then referred to Providence Hospital in Anchorage, Alaska where he was seen, but not admitted, for treatment," although LaBrisa admits that Plaintiff was seen at Providence Hospital. LaBrisa denies that Plaintiff had no place to live and denies that he returned to Oregon for this reason. LaBrisa admits that the Plaintiff returned to Oregon. LaBrisa is without information or knowledge sufficient to form a belief as to whether the Plaintiff was treated by Dr. Wilks in Roseburg, Oregon. LaBrisa denies the remaining allegations of paragraph 13.

    14. Answering paragraph 14, LaBrisa is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

    15. Answering paragraph 15, LaBrisa denies the allegations contained therein.

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer    Page 4 of 9

## COUNT I
### (Maintenance and Cure and Unpaid Wages)

16. Answering paragraph 16, LaBrisa incorporates the allegations set forth in paragraphs 1-15 above.

17. Answering paragraph 17, LaBrisa admits that the Plaintiff was a seaman while working aboard the F/V WAYWARD WIND. LaBrisa is without information or knowledge sufficient to form a belief as to whether the Plaintiff was injured while working in the service of the ship. Based on information and belief, Plaintiff has received all maintenance and cure to which he is entitled.

18. Answering paragraph 18, LaBrisa denies the allegation that it has not provided Plaintiff with maintenance and cure. LaBrisa admits that it has not paid Plaintiff "lost wages," but denies any obligation to pay lost wages. LaBrisa is without information or belief sufficient to form a belief regarding the allegations that "almost $30,000 in medical charges for his care remain unpaid" and that the "Plaintiff needs additional medical and rehabilitative services, but has been denied those services because he has no means of paying for them."

19. Answering paragraph 19, LaBrisa denies the allegations contained therein.

20. Answering paragraph 20, LaBrisa is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer                                                                 Page 5 of 9

21. Answering paragraph 21, LaBrisa denies the allegations contained therein.

## COUNT II
## (Unseaworthiness)

22. Answering paragraph 22, LaBrisa incorporates the allegations set forth in paragraphs 1-21 above.

23. Answering paragraph 23, LaBrisa denies the allegations contained therein.

24. Answering paragraph 24, LaBrisa denies the allegations contained therein.

25. Answering paragraph 25, LaBrisa denies the allegations contained therein.

## COUNT III
## (Jones Act Negligence)

26. Answering paragraph 26, LaBrisa incorporates the allegations set forth in paragraphs 1-25 above.

27. Answering paragraph 27, LaBrisa denies the allegations contained therein.

28. Answering paragraph 28, LaBrisa denies the allegations contained therein.

29. Answering paragraph 29, LaBrisa makes no responsive pleading, nor is

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer                                                                                          Page 6 of 9

one required, to Plaintiff's jury trial demand.

## **AFFIRMATIVE DEFENSES**

LaBrisa asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted, or has stated one or more claims for which no relief is available.

2. Plaintiff's alleged damages were caused in whole or in part by his own negligence, or the negligence or fault of third persons for which LaBrisa is not responsible.

3. Plaintiff's alleged damages must be reduced proportionately under the doctrine of comparative fault.

4. Plaintiff has failed to mitigate his damages.

5. Plaintiff's injuries, if any be proved, relate solely or partially to either pre-existing physical conditions or causes, pre-existing congenital or unrelated physical conditions, or a physical predisposition, all of which have no relationship to his employment upon the said vessel or the incident alleged.

6. Plaintiff's alleged injuries, if any be proved, relate solely or partially to either subsequent physical conditions or causes, or a subsequent aggravation of his physical condition, which have no relationship to his employment upon the said vessel or the incident alleged, and which are solely or in part the result of Plaintiff's failure to seek or follow the advice, care and treatment of his attending doctors.

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer                                                                                    Page 7 of 9

7. Plaintiff failed actively seek cure and/or failed to keep LaBrisa reasonably informed of any medical attention that he sought or received and, therefore, was not entitled to maintenance and cure for this period.

8. Plaintiff concealed or misrepresented material medical facts from LaBrisa when seeking employment and said concealment or misrepresentation may disqualify Plaintiff from his entitlement to maintenance and cure and may limit any other claims that the Plaintiff alleges.

9. LaBrisa reserves the right to amend its affirmative defenses as warranted by the continuing investigation and discovery.

## **PRAYER**

WHEREFORE, LaBrisa prays for judgment against Plaintiff as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;

2. For costs and disbursements incurred herein;

3. For reasonable attorneys' fees; and

4. For such further and other relief as the Court deems just and proper.

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer                                                                                                   Page 8 of 9

Dated this 21st day of February 2006, at Anchorage, Alaska.

           MATTHEWS & ZAHARE, P.C.
           Counsel for Defendant LaBrisa, Inc.


           By s/Thomas A. Matthews_____
           Thomas A. Matthews, ABN:  8511179
           Matthews & Zahare, P.C.
           431 W. 7th Ave., Suite 207
           Anchorage, Alaska  99501
           Phone: (907)276-1516
           Fax:   (907)276-8955
           tom.matthews@matthewszahare.com


Certificate of Service

I certify that on this 21st day of February 2006, I caused to be served by electronic mailing the foregoing document to the following:

Elliott T. Dennis, Esq.
Law Offices of Elliott T. Dennis
1503 West 31st Ave., Suite 201
Anchorage, AK 99503

Courtesy Copy by e-mail to:
    Larry E. Altenbrun, Esq.
    Nicoll Black Misenti & Feig PLLC
    816 Second Ave., Suite 300
    Seattle, WA 98104


s/Thomas A. Matthews_____
Thomas A. Matthews

Defendant's Answer and Affirmative Defenses
*Sturdevant v. LaBrisa, Inc.* Case No 3:06-CV-00025 (TMB)
TAM:jlw\6710-1\Answer           Page  9 of 9